## 13265. MILLS *v.* THE STATE.

</div>

BLOODWORTH, J. 1. The demurrer to the accusation is without merit.

2. Exception is taken to the following charge: " I charge you that any person found in possession of recently stolen goods, the presumption is that he stole it." Immediately following this the judge added, " although that presumption may be rebutted by competent testimony." Even if this charge was error, under the particular facts of the case it does not require a new trial; for the defendant made no explanation as to how the property which had been recently stolen came into his possession. Moreover, the State did not rely entirely on the evidence as to recent possession (as is usually the case when a new trial is granted on such a charge), but it proved a confession by the defendant that he stole the property in question. This was direct and not circumstantial evidence, and, outside of the evidence as to recent possession, was corroborated by proof of the corpus delicti.

3. None of the other grounds of the amendment to the motion for a new trial show error.

4. The verdict was amply authorized by the evidence.

<div align="center">

*Judgment affirmed.* *Broyles, C. J., and Luke, J., concur.*

DECIDED APRIL 14, 1922.

</div>

Accusation of misdemeanor; from city court of Dublin — Judge Sturgis. December 24, 1921.

The accusation was in two counts, the first charging larceny of a wooden buggy wheel painted red, the property of the Lovett Mercantile Company, and the second charging that the defendant

unlawfully bought and received such a buggy wheel from some person unknown to the prosecutor, the defendant knowing that it was stolen. The defendant demurred, on the grounds: that no crime was set out; that the accusation was not signed, and therefore was void; that it was not stated therein whether the Lovett. Mercantile Company was an individual, a corporation, or a partnership, and that the separate and distinct offenses of simple larceny and of receiving stolen goods were charged; and the defendant asked that the State elect as to the charge upon which he should be tried first. The accusation in the record appears to have been signed by the prosecutor and the solicitor of the city court, and the order overruling the demurrer states that "the court allowed the prosecutor to sign the accusation." The jury found the defendant guilty on the first count, and by direction of the court found him not guilty on the second count.

An instruction by the court to the jury, that "any statement or confession made by the defendant must be received with great caution and scanned with care," was complained of in the motion for a new trial, on the ground that in it "the court expressly stated that a confession had been made, and took away from the jury the question as to whether or not a confession had really taken place or been made by the defendant."

Another ground of the motion for a new trial states that "over the objection of the defendant's counsel," and "without laying the proper grounds for a confession," the court admitted the following evidence of B. P. Lake: "I asked him where he got it, and he said he stole it." "Upon the objection being made, the court asked the witness, 'Did you offer the defendant anything to make this statement?' Witness answered, 'No.' 'Did you threaten him in any way?' Witness said, 'No.'" It is contended that it was error to admit this testimony as to a confession, without laying the proper grounds for it, and that "the court should not have volunteered his services in an attempt to do so;" that it was prejudicial to the rights of the defendant for the court to ask the witness any question relative to and material to the alleged crime."

Failure to charge the jury on circumstantial evidence is another ground of the motion for a new trial.

*Charles S. Loden, W. A. Dampier,* for plaintiff in error.
*William Brunson, solicitor,* contra.